BEFORE THE FIRST DIVISION, JUNE 9, 1948

No. 52369.—Lekas & Drivas, Inc. v. United States, petition 6639–R (New York).

COLE, Judge: The provisions of section 489, Tariff Act of 1930 (19 U. S. C. § 1489), are invoked in this case to obtain remission of additional duties accruing by reason of the final appraised value exceeding the entered value of metal drums, filled with olive oil, imported from Spain and entered at the port of New York.

The customs broker, who made the entry in question, and a customs official, familiar therewith, testified on behalf of petitioner. It appears from their combined testimony that the importation in question is one of several of the same kind, and that the dispute as to value was ultimately decided in reappraisement proceedings reported in C. H. Powell Co., Inc. (Douredoure Bros.) v. United States, 28 C. C. P. A. (Customs) 310, C. A. D. 160. Prior to the entry under consideration, conference was had between petitioner's representative and appraising officers concerning the value of the drums in question, at which time the attention of customs officials was directed to the following statement appearing on the face of the invoice:

Importer deducts to make value empty drums equal to Ptas 18 ea.
Deduct Ptas 1700 at .101500=$172.55

"We concede that the value in Spain for new Spanish drums is 31 pesetas each. We contend, however, that the dutiable value of the drums in question should be based upon the value of similar second-hand drums in Spain, which second-hand value is 14 pesetas each. However to avoid any possible advance of over 100% in the appraised value over the entered value we are entering these drums at a value of 18 pesetas each."

The above-quoted statement sets forth the issue raised in the C. H. Powell Co., Inc. (Douredoure Bros.) case, supra, which held the merchandise to be properly appraised as new drums, rather than as second-hand, uncleaned olive oil drums, as entered. The controlling effect of the cited case on the entry in question sustained the higher value found by the appraiser for these drums, and it is the additional duties accruing from such finding that are sought herein.

Government counsel, at the conclusion of petitioner's testimony which was not disputed, made the following statement, reflecting the Government's attitude herein:

May it please the court, the government does not desire to offer any additional evidence in this matter in view of the fact that the evidence adduced before the court now is in the same form as the information available to the Attorney General's office. We have examined into the facts and the records and we agree that the record as it now stands substantially covers the situation as it existed. There was substantial litigation, not only with respect to this particular importer but others, and a great number of them, perhaps almost a thousand cases, were

suspended on this and other similar test cases, and the statement of counsel substantially gives the court the benefit of the facts in relation to the situation.

The record before us, considered with the circumstances leading to final adjudication of the dutiable value of the drums in question, is satisfying that the entry of the merchandise at a less value than that found on final appraisement was without intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted and judgment will be rendered accordingly.